UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACQUELINE M. SPENCER,

    Plaintiff,

v.                                        Case No:   6:15-cv-345-Orl-37TBS

CITY OF ORLANDO, FLORIDA,
MICHAEL ZAMBITO and PAUL
EVANCOE,

    Defendants.

## ORDER

Plaintiff Jacqueline Spencer as personal representative of the estate of Marquis Spencer deceased, alleges that Marquis Spencer was unlawfully stopped, shot, and killed by Orlando Police Officers Michael Zambito and Paul Evancoe (Doc. 1, ¶¶ 10-17). Plaintiff's complaint alleges the deprivation of Marquis Spencer's civil rights in violation of 42 U.S.C. § 1983, and negligence on the part of Defendant The City of Orlando, Florida resulting in Marquis Spencer's wrongful death (Id.).   Defendants have answered and interposed 17 affirmative defenses to Plaintiff's claims (Doc. 9).

On April 21, 2015, Plaintiff propounded a request for production to the City (Doc. 20, ¶ 2).   The City did not respond to the request within the time allowed in FED. R. CIV. P. 34(b)(2)(A) (Id., ¶ 3).   On or about June 21, 2015, the City asked for a 30 day extension of time to respond to the requests (Id., ¶¶ 3-4).   Counsel for Plaintiff agreed to the extension with the understanding that the he was not agreeing to give the City "additional time to file objections as those should have been filed prior to the time the discovery was due."   (Doc. 20-1).   On July 10, 2015, the City both responded and

objected to the requests for production (Doc. 20, ¶ 5).   The case is now before the Court on Plaintiff's Motion to Compel Production of Documents from the City of Orlando (Doc. 20).   The motion concerns the following request and response:

> **Plaintiff's Request No. 19**:   A copy of all complaints of excessive force and/or unlawful or wrongful shooting filed by citizens against any officer employed by the Orlando Police Department from 2005-present.
>
> **Defendant's Response:**   Objection.   This request is vague, burdensome, overbroad and is not sufficiently limited in time and scope.

(Id., ¶ 8).   Plaintiff seeks an order compelling Defendant to produce the documents sought in Request Number 19 and an award of reasonable attorney's fees and costs for filing the motion (Id. at p. 13).   Defendant has not responded to the motion to compel and the time within to do so has expired.   Consequently, the Court may treat the motion as unopposed.   Foster v. The Coca-Cola Co., No. 6:14-cv-2012-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015).

As a general rule, in the absence of an extension of time for good cause, the failure of a party to object timely to production requests constitutes a waiver of any objections the responding party may have.   In re U.S., 864 F.2d 1153, 1156 (5th Cir. 1989); Siddiq v. Saudi Arabian Airlines Corp., 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) ("A party who fails to assert objections to discovery within time permitted by rule, stipulation, or court order waives objections and is precluded 'from asserting the objection in response to a motion to compel."); Bank of Mongolia v. M&P Global Fin. Servs., Inc., 258 F.R.D. 514, 518 (S.D. Fla. 2009); Pitts v. Francis, No. 5:07-cv-169-RS/EMT, 2008 WL 2229524, at *2 (N.D. Fla. May 28, 2008).   The City having failed to offer any explanation for its untimely response to Request Number 19, the Court

finds that it has waived whatever objections it might otherwise have had to the request. Accordingly, the motion to compel is **GRANTED**. Within 7 days from the rendition of this Order, the City shall produce copies of all complaints of excessive force and/or unlawful or wrongful shooting filed by citizens against any officer employed by the Orlando Police Department from 2005-present.

Had the Court not found that the City waived its objections, it would find that they are too vague and nonspecific to make or preserve any objection to the requested discovery. "Parties are not permitted to assert these types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable. Rule 34(b) of the Federal Rules of Civil Procedure requires a party objecting to a discovery request to include the reasons for the objection. FED. R. CIV. P. 34(b)(2)(B); see Middle District Discovery (2001) at 10-11. Objections stating that a request is 'vague,' 'overly broad,' or 'unduly burdensome' are meaningless standing alone." <u>Martin v. Zale Delaware, Inc.</u>, No. 8:08-cv-47-T-27EAJ, 2008 WL 5255555, at * 1 (M.D. Fla. Dec. 15, 2008).

Federal Rule of Civil Procedure 37(d)(3) authorizes the court to "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(a)(5)(A) provides that a Court must grant "reasonable expenses incurred in making the motion, including attorney's fees," unless the movant filed the motion before attempting in good faith to obtain the disclosure without court action; the opposing party's position was substantially justified; or other circumstances make award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A). None of the exceptions apply. Accordingly, Plaintiff is **AWARDED**

her reasonable legal expenses, including attorney's fees, to prosecute her motion to compel. If the parties do not sooner agree, then Plaintiff shall file her application for legal expenses within 14 days from the rendition of this Order whereupon the City shall have 14 days to file its response. The Court anticipates resolving the issue of legal expenses on the parties' papers, without a hearing.

**DONE** and **ORDERED** in Orlando, Florida on February 2, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record